# SCHIFF HARDIN LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-1-10

900 THIRD AVENUE, 23RD FLOOR
NEW YORK, NEW YORK 10022

t 212.753.5000
f 212.753.5044
www.schiffhardin.com

RECEIVED
NOV 30 2010
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

MEMO ENDORSED



*Defendant-respondent shall respond to the merits of the petition, including any argument that it is untimely, by January 7, 2011. Plaintiff-petitioner shall reply by January 21, 2011. Defendant may file a sur-reply by February 4, 2011.*

*Conference of 1/14 is VACATED.*

*SO ORDERED*
*12-1-10*

November 29, 2010

**BY HAND**
Honorable P. Kevin Castel,
United States District Judge
United States District Court
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Pre-Motion Conference Letter in <u>Triomphe Partners, Inc.,et al, v. Realogy Corporation, Dkt. No. 10 Civ 08248 (PKC)(HBP)</u>

Dear Judge Castel:

This firm represents the Respondent in the referenced action. Petitioners have filed with the Court a Petition to Vacate the August 4, 2010 Award issued by an arbitration tribunal. Pursuant to your Individual Practice Rules, we submit this letter to request a conference to discuss the motion to dismiss that Respondent wishes to make.

As a threshhold matter, Petitioners' suit is untimely, because the Petition was not served within the limitations period set by the Federal Arbitration Act. Petitioners filed this suit on November 1, 2010, but did not serve it upon Respondent's registered agent until November 5, 2010, three months and one day after the Award was filed and delivered electronically to counsel for the parties. Accordingly, Respondent submits that the pending Petition should be dismissed for lack of jurisdiction and waiver.

**Factual Overview**

Pursuant to a contractual arbitration clause, the parties submitted to the American Arbitration Association (the "AAA") a complex commercial dispute between them, arising out of the termination of two license agreements for the franchising of the Coldwell Banker® brand throughout Greater and Eastern Europe.[1] A panel of three experienced AAA arbitrators (the "Panel") spent 17 days hearing evidence from lay witnesses and experts, spanning more than 4600 pages of transcript, and examined hundreds of exhibits, all under the AAA's Commercial Arbitration Rules. The Panel reviewed over 120 pages of post-trial submissions, presided over a full day of closing arguments, and ultimately rendered a reasoned Award on August 4, 2010

---

[1] Realogy is the franchisor of the Coldwell Banker® brand, among others.



Hon. P. Kevin Castel
November 29, 2010

(Award, attached to this letter as Ex. 1; Petition, Par. 37, Request for Relief #2.) That Award, in relevant part, rejected Petitioners' claim for relief.

The Award was issued by the AAA on August 4, 2010, and served by electronic mail, by agreement of the parties. Petitioners filed this action on November 1, 2010, but did not serve it upon Respondent until November 5, 2010, three months and one day thereafter. (Proof of Service, attached to this letter as Ex. 2.) [2]

The Petition asks this Court to vacate the award on two grounds. First, Petitioners object to the Panel's unanimous decision to sustain Respondent's objection to a request Petitioners made at the hearing. On the day before the presentation of proof concluded as scheduled, Petitioners asked the Panel to receive into evidence and consider a stack of 11 late, unsworn declarations.[3] It is undisputed that those unsworn declarants were not disclosed on Petitioners' witness list at any time before or during the months of this hearing. (Petition, Par. 25.) It is further undisputed that, as the Panel carefully determined, the alleged declarants were not made available for telephone or live questioning before or even at the time Petitioners sought to introduce their alleged statements into the record. Petitioners advised the Panel at the time that those unsworn statements were cumulative of statements made under oath by the Petitioners' main witness, Mr. Vandenburg. (Hearing Transcript, 3/3/10, p. 4131:6-11, attached to this letter as Ex. 3.) Petitioners now contend that the Panel's evidentiary ruling left it unable to establish efforts to cure contractual defaults, and seek to vacate the Award despite established law that exclusion of cumulative evidence is not the exclusion of "material" evidence within the meaning of 9 U.S.C. § 10(a)(3) (*see, e.g., Ganguly v. Charles Schwab & Co.*, 2004 U.S. Dist. LEXIS 1433 (S.D.N.Y. 2004), *aff'd*, 142 Fed.Appx. 498 (2d Cir. 2005), and despite the AAA rules and other precedents that authorize the rejection of statements from witnesses who cannot be examined.

Second, the Petition seeks vacatur because the Panel did not <u>sua sponte</u> postpone the final session of the arbitration hearing after the Panel declined to receive those statements into evidence. Petitioners do not allege that they sought such an extension, because they did not.[4]

---

[2] Even that late service was incomplete, because the Petition referred repeatedly to a supporting Affidavit of Ronald Gardner, and eight Exhibits, none of which were supplied until November 23, 2010, after requests from counsel for Respondent.

[3] While Petitioners claim that the declarations were signed "under penalty of perjury," the alleged declarants were all in foreign countries, did not submit to the jurisdiction of any court or panel, and did not specify what perjury laws the rote incantations actually meant.

[4] Petitioners also complain, without apparent purpose, that the Panel had granted Respondent's motion in January 2010 to designate a rebuttal damages expert, in response to certain opinions offered by Petitioners' expert. Both damages experts generated reports, were produced for deposition, testified at the hearing and were subjected to cross-examination. The



Hon. P. Kevin Castel
November 29, 2010

### The Issues Ripe for Resolution on Motion

As a threshhold matter, before reaching Respondent's disagreement with the substance of the Motion to Vacate the award, the Petition should be dismissed on jurisdictional grounds. The Petition was not served within the limitations period set by the Federal Arbitration Act. It was served three months and one day after the filing and delivery of the Award. The lack of timely service is jurisdictional, and therefore requires a dismissal of Petitioners' effort to overturn this Award.

Section 12 of the Federal Arbitration Act, 9 U.S.C. § 12 (2010), sets very specific requirements for a challenge to an arbitration award. The statute provides, in relevant part, that "[n]otice of a motion to vacate, modify or correct an award must be <u>served</u> upon the adverse party or his attorney within three months after the award is filed or delivered . . . ." (emphasis supplied.) Where, as here, the adverse party is a nonresident of the district in which the award was made, the "notice of the application" shall be served by the marshal "in like manner as other process of the court." Realogy, a resident of the State of New Jersey, was served with process by delivery to its New York registered agent, CSC, on November 5, 2010, three months and one day after delivery of the Award.

As the Second Circuit has declared, "We have made clear that a party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." *Wallace v. Buttar*, 378 F.3d 182, 197-98 (2d Cir. 2004), citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir. 1984) ("we hold, as have other circuits, that a party may not move to vacate after three months from the time the arbitration panel issued its award"); *see also Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 574 (7th Cir. 2007) (denying as untimely a motion to vacate that was filed and served three months and one day after the final arbitration award was delivered -- "one day too late").

### Conclusion

Accordingly, Respondent respectfully asks this Court to dismiss the Petition, in all respects, or in the alternative to set a briefing schedule for Respondent to file a formal Motion to Dismiss the Petition.

Respectfully submitted,

David Jacoby

cc.: Michael W. Garner, Esq. (by 'fax w/exhibits)
Ronald K. Gardner, Esq. (by 'fax w/exhibits)

---

Award did not reach the issue of damages, because the Panel found against Petitioners on their claims for liability.