W. MICHAEL GARNER, P.A.
230 Park Avenue
10th Floor
New York, NY 10169
Telephone: (212) 551-1432
Facsimile: (612) 259-4810
wmgarner@franchisedealerlaw.com
W. Michael Garner (WG3558)

and

DADY & GARDNER, P.A.
80 South Eighth Street
5100 IDS Center
Minneapolis, MN 55402
Telephone: (612) 359-3515
Facsimile: (612) 359-3507
Ronald K. Gardner (MN # 248797)

Attorneys for Petitioners
Triomphe Partners, Inc.,
Triomphe Partners, LLC, and
Triomphe Luxembourg, S.a.r.l.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――x

TRIOMPHE PARTNERS, INC.,
TRIOMPHE PARTNERS, LLC, and        Case No. 10 CV 08248 (PKC)
TRIOMPHE LUXEMBOURG, S.a.r.l.,

            Petitioners,

v.

REALOGY CORPORATION,

           Respondent.

―――――――――――――――――――――x

**PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF PETITION TO
VACATE ARBITRATION TRIBUNAL'S FINAL AWARD
<u>PURSUANT TO THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 10</u>**

## TABLE OF CONTENTS

**PAGE**

I. Introduction ........................................................................................................................ 1

II. Responsive Arguments ....................................................................................................... 2

A. Respondent's Timeliness Arguments are Without Merit .................................................... 2

    1. Petitioner served Respondent in a timely manner ......................................................... 2
    2. Petitioner diligently attempted to serve respondent, and Respondent suffered no prejudice due to the one day delay in service .............................................................. 3

B. The Tribunal's Refusal to Hear Pertinent and Material Evidence is Misconduct Under the Federal Arbitration Act ...................................................................................................... 5

    1. The Declarations were pertinent and material to the controversy .................................. 6
    2. The Declarations satisfied pertinent evidentiary requirements ...................................... 7
    3. The Tribunal could have sufficiently mitigated any unfair prejudice (real or perceived) to Respondent in receiving the Declarations into evidence ............................................ 8

C. Respondent is Not Entitled to Attorneys' Fees ................................................................. 10

IV. Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

DeLuca v. AccessIT Group, Inc., 695 F.Supp.2d 54, 66 (S.D. N.Y. 2010) .................................... 3

Fashion Page, Ltd. v. Zurich Ins. Co., 406 N.E.2d 747, 751 (N.Y. 1980) ...................................... 4

Holodnak v. Avco Corp., 381 F.Supp. 191 (D. Conn. 1974), rev'd in part on other grounds, 514 F.2d 285 (2d Cir. 1975), cert. denied, 423 U.S. 892, 96 S.Ct. 188 (1975) .......................... 2, 3, 4

LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61 (2d Cir. 1999) .............. 7, 8

Murray v. Coleman, 2010 WL 3590416, *3 (W.D.N.Y. 2010) ....................................................... 5

North Bergen Rex Transp., Inc. v. Trailer Leasing Co., 730 A.2d 843, 848 (N.J. 1999) ............. 10

Sargent v. Paine Webber, Jackson & Curtis, Inc., 687 F.Supp. 7, 9 (D. D.C. 1988) (citing Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585 (1946)) ..................................... 3

U.S. v. Williams, 81 F.3d 1434, 1443 (7th Cir. 1996) .................................................................... 7

**STATUTES**

9 U.S.C. § 10(a)(3) ......................................................................................................................... 6

9 U.S.C. § 12 ................................................................................................................................... 2

**OTHER AUTHORITIES**

AAA Commercial Rules Rule 31 ................................................................................................... 8

## I. Introduction

In opposing Petitioner's requested relief,[1] Respondent advances two broad categories of argument as to why this Court should ignore the Tribunal's misconduct. First, Respondent argues that it was not formally served until one day after the expiration of the three month limitation in 9 U.S.C. § 12 of the Federal Arbitration Act ("FAA"). This argument is without merit because Respondent was served within three months of August 5, 2010, which is the starting point for the three month period pursuant to Fed. R. Civ. P. Rule 6(a)(1)(A). Further, even if this Court refused to apply FRCP 6, this Court must reject Respondent's argument because Petitioner diligently attempted to serve Respondent, and Respondent suffered no prejudice as a result of the one day delay.

Second, Respondent argues that the Tribunal's refusal to hear evidence relating to the Declarations did not amount to misconduct. This Court must reject such an argument because: (1) the Declarations were pertinent and material evidence relating to the heart of the controversy between Petitioner and Respondent; (2) the Declarations had sufficient evidentiary basis; and (3) rather than completely refusing to hear Petitioner's evidence, the Tribunal could have, and should have, taken appropriate steps to mitigate any unfair prejudice to Respondent.

In sum, the Petition was served in a timely manner that did not prejudice Respondent, and the Tribunal's misconduct in refusing to hear Petitioner's pertinent and material evidence requires this Court, pursuant to 9. U.S.C. § 10(a)(3), to vacate the Tribunal's Award.

---

[1] As set forth in Petitioner's initial brief, the Tribunal refused to hear pertinent and material evidence of Petitioner's efforts to cure its breach of the Agreements between Petitioner and Respondent. That evidence consisted of eleven declarations from individuals located throughout Europe ("Declarations") demonstrating that Petitioner was diligently working to cure its breach by attempting to: (1) rebrand existing real estate offices/franchises to the Coldwell Banker brand; (2) purchase existing real estate offices/franchises and convert them to Coldwell Banker franchises; and (3) sign up new Coldwell Banker franchisees. Despite refusing to hear this evidence, the Tribunal issued its Award based on a perceived lack of credible evidence demonstrating that Petitioner was diligently attempting to cure its breach. *See* Award at p. 4. Doing so was misconduct that requires this Court, pursuant to 9 U.S.C. § 10(a)(3), to vacate the Award.

1

## II. Responsive Arguments

### A. Respondent's Timeliness Arguments are Without Merit.

This Court must reject Respondent's arguments related to the timeliness of service because, pursuant to Fed. R. Civ. P. Rule 6(a), Petitioner served Respondent within the applicable statute of limitations, and, even if the Petition was served a day late, Petitioner diligently attempted to serve Respondent and Respondent suffered no appreciable prejudice by the one day delay.

#### 1. Petitioner served Respondent in a timely manner.

The FAA states that a notice of motion to vacate an arbitration award "must be served upon the adverse party ... within three months after the award is filed or delivered." 9 U.S.C. § 12. The FAA does not, however, specify a method of computing time. Pursuant to Fed. R. Civ. P. Rule 6(a), whenever a statute "does not specify a method of computing time," the rules set forth in Rule 6(a) apply. Federal R. Civ. P. Rule 6(a)(1)(A) provides that whenever the period of time set forth in the statute is measured "in days or a longer unit of time," courts are to "exclude the day of the event that triggers the period." *See also Holodnak v. Avco Corp.*, 381 F.Supp. 191 (D. Conn. 1974) (applying Fed. R. Civ. P. Rule 6 to a motion to vacate under the FAA), *rev'd in part on other grounds*, 514 F.2d 285 (2d Cir. 1975), *cert. denied*, 423 U.S. 892, 96 S.Ct. 188 (1975).

Here, the event that triggered the three month period set forth in 9 U.S.C. § 12 was the delivery of the Award, which occurred on August 4, 2010. Excluding August 4, 2010, as required by Fed. R. Civ. P. Rule 6(a)(1)(A), Petitioner's service upon Respondent was timely so long as it was served within three months of August 5, 2010, *i.e.*, on or before November 5, 2010. As Respondent acknowledges, Petitioner served Respondent on November 5, 2010. *See* Doc. No. 4. Accordingly, Petitioner's service of Respondent was made within three months and was, therefore, timely.

2

2.  **Petitioner diligently attempted to serve respondent, and respondent suffered no prejudice due to the one day delay in service.**

Even if this Court accepted Respondent's contention that the statute of limitations began running on August 4, 2010, rather than August 5, 2010, given Petitioner's diligence in attempting to serve Respondent, Respondent's actual notice of the Petition prior to the alleged expiration of the three month time period, and the lack of any appreciable prejudice to Respondent in receiving service one day late, the doctrine of equitable tolling is appropriately applied to the facts of this case.

The doctrine of equitable tolling is "read into every federal statute of limitation," including the FAA's three month statute of limitation for serving a motion to vacate. *See, e.g., Sargent v. Paine Webber, Jackson & Curtis, Inc.*, 687 F.Supp. 7, 9 (D. D.C. 1988) (applying the doctrine of equitable tolling to the FAA), citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585 (1946)). In determining whether to apply the doctrine to a particular case, and thereby extend any applicable deadline, courts appropriately focus primarily on the plaintiff's diligence and the amount, if any, of prejudice suffered by the defendant as a result of the delay. *See, e.g., DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 66 (S.D. N.Y. 2010); *Sargent*, 687 F.Supp. at 9.

For example, in *Holodnak v. Avco Corp.*, the court applied the doctrine of equitable tolling to a set of facts that is strikingly similar to the facts of the case at bar. 381 F. Supp. at 191. The plaintiff in *Holodnak* filed a motion seeking to vacate an arbitration award. *Id.* at 197. While the plaintiff attempted to serve the defendants within the three month time limitation set forth in 9 U.S.C. § 12, due to an unexpected delay in effectuating service, the plaintiff was unable to serve the defendants until one day after the statute of limitations had expired. *Id.* Given this one day delay, the defendants argued that the motion to vacate was untimely and should be dismissed. *Id.* Both the

3

magistrate judge and the court disagreed, holding that the plaintiff's service, even though it was one day late, was timely. The court "emphasiz[ed] the due diligence of the plaintiff in securing a substitute means to perfect service within the time limit and the absence of any prejudice suffered by the defendants as a result of the one day delay." *Id.* Given that the facts of the *Holodnak* case are virtually identical to the facts of this case, this Court should reach the same result—*i.e.*, this Court should allow Petitioner to proceed—for three important reasons.

First, Petitioner worked diligently to serve Respondent within the three month time period. On November 1, 2010, three days before the alleged expiration of the three month deadline, Petitioner's counsel wrote to Respondent's counsel and informed her that Petitioner was filing a motion to vacate and asked her to accept service. *See* Exhibit A, Affidavit of R. Gardner. After receiving no response from Respondent's counsel, Petitioner, on November 4, 2010, attempted to serve Respondent at its corporate headquarters. *See id.* at Exhibit B. Respondent, however, refused to accept service. *Id.* Petitioner then attempted to serve Respondent's registered agent. *Id.* The process server, however, informed Petitioner's counsel that it was too late in the day to serve Respondent's registered agent. *Id.* As a result, the service could not be attempted until the next day. *Id.* The next day, November 5, 2010, Respondent's registered agent accepted service. *See* Doc. No. 4. These actions on the part of Petitioner demonstrate diligence in attempting to serve Respondent.

Second, Respondent cannot be heard to complain about untimely service when it went out of its way to make the service untimely. *Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) (stating that a defendant cannot raise complaints about service "when the process server has gone to its offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their directions"); *Murray v. Coleman*, 2010 WL 3590416, *3 (W.D.N.Y.

2010)[2] ("[I]t is well settled that deficient service may be deemed complete where the deficiency is attributable to the recipient's mistake or deception, and not to a lack of reasonable, good faith effort on the part of the process server.") Given that Respondent refused to accept service at its corporate headquarters and then directed Petitioner to serve Respondent at another location, Respondent cannot fairly complain about the timeliness of service when it was Respondent, not any lack of good faith effort by Petitioner, that caused the delay.

Finally, Respondent suffered no appreciable prejudice by the alleged one day delay in service. Respondent's argument makes no attempt to even argue that it suffered any prejudice. Additionally, Respondent received actual notice of the Petition prior to the expiration of the three month period *and* could have elected to accept service of the Petition at its corporate headquarters or through its counsel prior to the alleged expiration of the three month time period. Respondent, however, elected not to do so. In sum, there is no prejudice to Respondent and a one day delay in service is insufficient to prevent Petitioner from proceeding.

Because Petitioner diligently attempted to serve Respondent within the time limits set forth in 9 U.S.C. § 12, and Respondent has suffered no appreciable prejudice as a result of the one day delay in service, the doctrine of equitable tolling is appropriately applied to the facts of this case, and this Court should deny Respondent's request to dismiss Petitioner's Petition.

### B. The Tribunal's Refusal to Hear Pertinent and Material Evidence is Misconduct Under the Federal Arbitration Act.

The Declarations were pertinent and material to the Tribunal's ultimate conclusions set forth in the Award. The sole basis set forth in the Award for denying Petitioner's requested relief was the Tribunal's finding that Petitioner failed to diligently work towards a cure of its breach of contract

---

[2] Attached as Exhibit C to the Affidavit of R. Gardner.

5

related to the expanded development of the Coldwell Banker brand throughout Europe. *See* Award at p. 4. The Declarations not only prove that Petitioner was diligently working to cure its breach, they provide additional credence to Mr. Vandeburg's testimony, which the Tribunal did not find credible. *Id.* Had the Tribunal considered this evidence relating to Petitioner's cure efforts, as required by the FAA, the Tribunal would have been forced to reach a different result.

Before responding to Respondent's various arguments, it is important to again note that the Tribunal never explained the reasoning for its refusal to receive the Declarations. *See* Doc. No. 8, Ex. 7. Without any explanation from the Tribunal, everyone involved is left to simply guess as to the reason behind the Tribunal's refusal to hear the evidence. Despite this lack of clarity, Respondent offers various guesses as to the Tribunal's reasoning and principally advances three arguments as to why the Tribunal acted appropriately. Even if one of these guesses was the basis for the Tribunal's refusal to hear the evidence, for the reasons set forth below, the Tribunal's conduct remains misconduct, and the FAA requires this Court to vacate the Award.

### 1. The Declarations were pertinent and material to the controversy.

Respondent first argues that the Tribunal did not err in refusing to receive the Declarations, despite the express language set forth in 9. U.S.C. § 10(a)(3), but, instead, simply "exercised its discretion." Even if this was the reason for the Tribunal's refusal, that type of discretion is limited to "cumulative" evidence. *See* Respondent's Memorandum at p. 10. Indeed, no case law cited by Respondent grants an arbitrator the authority to refuse to hear non-cumulative evidence that is "pertinent and material to the controversy." *See* 9 U.S.C. § 10(a)(3).

Here, the Declarations were not "cumulative"[3] of any evidence, including Mr. Vandenburg's testimony. It is nonsensical to argue, on the one hand, that Mr. Vandenburg's testimony was not credible and, on the other hand, argue that the Declarations were cumulative. In fact, the Declarations were not cumulative precisely because they would have offered significant probative force to Mr. Vandenburg's testimony regarding Petitioner's efforts to cure, and would have, independently, proven that Petitioner was diligently undertaking efforts to cure. *Cf. Williams*, 81 F.3d at 1443 ("cumulative" evidence "adds very little to the probative force of the other evidence"). Given that the Tribunal ultimately found Mr. Vandenburg's testimony not to be credible (mainly due to the lack of other evidence to support his testimony, *see* Award at p. 4), the Declarations corroborating Mr. Vandenburg's testimony cannot, by any definition, constitute "cumulative evidence." Therefore, even if the Tribunal did "exercise discretion" in excluding the Declarations, the exclusion of the Declarations, which were non-cumulative, material, and pertinent evidence, was an abuse of any such discretion in violation of the FAA. Such misconduct requires this Court to vacate the Award.

### 2. The Declarations satisfied pertinent evidentiary requirements.

Respondent next argues that the Tribunal's refusal was appropriate because the Declarations were unsworn and did not specify to which country's perjury laws the declarants were submitting. This argument is, again, without merit. Indeed, in *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v.*

---

[3] Judge Posner had this to say about "cumulative" evidence:

> Evidence is "cumulative" when it adds very little to the probative force of the other evidence in the case, so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial, with all the potential for confusion, as well as prejudice to other litigations, who must wait longer for their trial, that a long trial creates.

*U.S. v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996).

7

*Worsham*, 185 F.3d 61 (2d Cir. 1999), the Second Circuit expressly rejected a nearly identical argument on nearly identical facts.

In *LeBoeuf*, the plaintiff argued that the court should disregard a declaration signed by an individual from Russia because it was unsworn, did not state that the declarant submitted to the perjury laws of the United States, and did not contain the "true and correct" language set forth in 28 U.S.C. § 1746. *Id.* at 65. The court rejected the plaintiff's argument and held that the declaration, which simply stated "Under penalty of perjury, I make the statements contained herein," substantially complied with the statutory requirements and should have been considered as evidence. *Id.* at 65-66.

Here, the Declarations contained nearly identical language to the *LeBoeuf* declaration. The Declarations contained statements from the declarants that were "[s]igned under penalty of perjury." Accordingly, the Declarations, like the declaration from *LeBoeuf*, substantially complied with the statutory requirements set forth in 28 U.S.C. § 1746, and the Tribunal should have admitted them and considered them as evidence.[4] *See also* AAA Commercial Rules Rule 31 ("Conformity to legal rules of evidence shall not be necessary.")

### 3.    **The Tribunal could have sufficiently mitigated any unfair prejudice (real or perceived) to Respondent in receiving the Declarations into evidence.**

Finally, Respondent raises a potpourri of arguments, all of which, in essence, allege that the Tribunal appropriately refused to receive the Declarations because Respondent would have been unfairly prejudiced. Aside from the Tribunal never saying that it was refusing to hear the evidence

---

[4] Respondent also argues that the Declarations "used largely the same wording" and were nothing but "form statements." While the Declarations are similar in many respects, each of the Declarations provide specific, individualized details related to conduct that Petitioner was undertaking in an effort to cure its breach. For example, one discussed a transaction whereby "a major and well known franchise and owned office residential real estate agency group in Spain" would rebrand to Coldwell Banker (*See* Exhibit 5 to the November 2, 2010, Affidavit of R. Gardner at p. 1, Doc. No. 8), and discussed a transaction whereby Petitioner would acquire a controlling interest in an owned office real estate agency group headquartered in Copenhagen, Denmark (*Id.* at p. 3). Accordingly, the Declarations were not "rote incantations," as suggested by Respondent, but were pertinent and material evidence.

due to this reason, the Tribunal could have, and should have if this was the basis for its refusal, appropriately and sufficiently mitigated any unfair prejudice to Respondent by delaying the hearing.

For example, Respondent argues that the Declarations were not included on Petitioner's exhibit list and the declarants were not listed on Petitioner's witness list. If this were the basis for the Tribunal's decision, the Tribunal could have simply delayed the hearing to grant Respondent an adequate amount of time to prepare. Indeed, had the Tribunal told Petitioner this was the basis for its decision, Petitioner would have affirmatively sought a delay in the hearing. Similarly, Respondent bemoans the fact that it would have been unable to question the declarants, as Respondent alleges is required by Rule 30 of the Commercial Rules.[5] Again, had the Tribunal informed Petitioner that such inability to question was the basis for its refusal, Petitioner would have requested a delay and arranged for the questioning of the declarants, thereby mitigating any chance of unfair prejudice.

Furthermore, Respondent misinterprets Petitioner's comments related to a delay of the hearing. Petitioner simply asserts that if the Tribunal's reason related to unfair prejudice, the Tribunal, on its own or by request from Petitioner, should have delayed the hearing and allowed for the introduction of the Declarations. Because the Tribunal never explained the basis for its refusal to hear the evidence, the Tribunal denied Petitioner the opportunity to make such a request.

In sum, rather than denying Petitioner the opportunity to present evidence relating to Petitioner's efforts to cure, and then punishing Petitioner for a perceived lack of evidence, the Tribunal should have allowed for the introduction of the evidence and, either on its own or by request from one of the parties, taken appropriate steps to sufficiently mitigate any unfair prejudice to

---

[5] Additionally, Rule 32 of the Commercial Rules expressly provides for the introduction of evidence through declarations. Rule 32 makes no mention of a requirement that the declarant be made available for questioning. If Respondent desired to have an absolute right to question the authors of the Declarations, Respondent, as the drafter of the Agreements, should have selected a set of rules that would have granted such a right.

Respondent. The Tribunal's refusal to do so was error, and requires this Court to vacate the Award.

### C.     Respondent is Not Entitled to Attorneys' Fees.

Finally, Respondent is not entitled to attorneys' fees because the instant action is not an attempt to enforce the terms of the Agreement. When presented with a fee-shifting provision, such as the one in Section 22(I), "courts will strictly construe that provision in light of the general policy disfavoring the award of attorneys' fees." *North Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 848 (N.J. 1999);[6] *see also Schor v. FMS Fin. Corp.*, 814 A.2d 1108, 1113 (N.J. Sup. Ct. App. Div. 2002) ("[W]here an ambiguity appears in a written agreement, the writing is to be strictly construed against the party preparing it.") Here, Section 22(I) of the Agreements relates solely to attorneys' fees incurred "in order to enforce the terms and conditions of [the] Agreement[s]." Strictly construing Section 22(I) against Respondent, the present action is not an attempt by Respondent to enforce the terms and conditions of the Agreements; it is an action by Petitioner to ensure that the arbitration proceeding required by the Agreements Respondent drafted was conducted in accordance with federal law. As such, Respondent is not entitled to the recovery of any attorneys' fees, and this Court should deny Respondent's request.

### IV. Conclusion

For all of the reasons set forth above, as well as those set forth in Petitioner's initial memorandum, Petitioner respectfully requests that this Court vacate the Award due to the Tribunal's misconduct in refusing to hear pertinent and material evidence.

---

[6] Section 21(A) of the Agreements calls for the application of the laws of the State of New Jersey.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 21, 2011 | **W. MICHAEL GARNER, P.A.** |
|  | By S/W. Michael Garner |
|  | W. Michael Garner (WG3558) |
|  | 230 Park Avenue, 10th Floor |
|  | New York, NY 10169 |
|  | Telephone: (212) 551-1432 |
|  | Facsimile: (612) 259-4810 |
|  | wmgarner@franchisedealerlaw.com |
|  | **ATTORNEYS FOR PETITIONERS** |